ANTONIO FIRO V. STATE

No. 27,166. November 10, 1954

*R. Richard Thornton* and *Bryan F. Williams, Jr.* (Court-Appointed Counsel) Galveston, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, life imprisonment.

Bartender Alvarez testified that the appellant and deceased, who were man and wife, came to his place of business at four o'clock in the afternoon on the day of the homicide and that appellant drank beer until approximately seven o'clock, when he departed, leaving the deceased in the bar. Alvarez stated that about 8:30 the appellant returned, went to the table where deceased was seated, had a few words with her, and then began to shoot her; that the deceased began to run, and the appellant continued to shoot her even after she had fallen to the floor, after which the appellant inquired of him if he had anything to say and then left the bar.

Appellant, testifying in his own behalf, stated that the fatal weapon belonged to the deceased, his common-law wife; that he had carried it with him when he left the tavern; that upon his return he found the deceased sitting at a table with an old man; that he asked her what she was doing; that she gave him an ugly reply; and that he went out of his mind and shot her. He stated that he fired about two shots into the deceased while she was sitting down and then continued to shoot after she got up and after she was on the floor. He stated that he left, went to another bar and ordered another beer.

Bill of Exception No. 1 complains of the refusal of the trial court to grant a mistrial when the assistant county attorney, testifying for the state, stated that the deceased had come to see him on the day of the homicide and that she bore fresh bruise marks.

Upon the appellant's objection, the careful trial court, out of an abundance of caution, instructed the jury not to consider the statement regarding the bruises.

Such a statement could have been injurious to the appellant only if the jury believed that the appellant had inflicted the injuries.

We think that any such injuries, if inflicted by the appellant, would be admissible by virtue of Article 1257a, V.A.P.C., which provides, in part: "In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to . . . the previous relationship existing between the accused and the deceased . . . ."

We commend the very able and conscientious court-appointed counsel for their sincere representation of their unfortunate client.

Finding no reversible error, the judgment of the trial court is affirmed.